UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:16 CR 492 RWS (JMB) |
| BELAL ABDELNABI, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM, REPORT & RECOMMENDATION**

Currently before the Court is Defendant's Motion to Transfer Venue Under Federal Rule of Criminal Procedure 21(b) ("Motion to Transfer"). (ECF No. 20) Defendant contends that venue in this matter is proper in the Northern District of Illinois and that the case should be transferred to that District for the convenience of Defendant, some witnesses, and in in the interests of justice. The government opposes Defendant's Motion to Transfer. As will be explained below, Defendant has not carried his burden of showing that the matter should be transferred. Accordingly, the undersigned recommends that Defendant's Motion to Transfer be denied.

**I.     Relevant Factual and Procedural Background**

Defendant is charged in a one-count Indictment with mail fraud, in violation of 18 U.S.C. § 1341. In general, the Indictment alleges that Defendant embezzled

from his employer, Unlimited Prepay Distribution ("UPD"). According to the Indictment, Defendant worked as a salesman for UPD, based in Chicago, Illinois, and Defendant embezzled and diverted more than $360,000 in sales. The Indictment specifically alleges that:

> It was part of the scheme that Defendant created false invoices and sales records falsely representing to UPD that sales proceeds had been deposited in the ordinary course of business or that Defendant would arrange electronic payment.
>
> \*\*\*
>
> It was further part of the scheme that Defendant knew UPD would rely on Defendant's false and fraudulent records and shipped things of value from the Eastern District of Missouri to the Chicago, Illinois area to Defendant's customers so that the scheme could continue.

(ECF No. 1 at ¶¶ 5-6)

As a result of the Indictment, Defendant was arrested on November 22, 2016, in the Northern District of Illinois. Defendant was released on an unsecured bond and ordered to appear in the Eastern District of Missouri. (ECF Nos. 5-8) On January 3, 2017, Defendant appeared before the undersigned for his arraignment. (ECF No. 10) The Court appointed the Federal Public Defender to represent Defendant. Defendant, through counsel, represented that he had an attorney in the Chicago area, and requested that he not be arraigned. Defense counsel indicated that Defendant wanted to transfer the case for a plea to the Northern District of Illinois, pursuant to Fed. R. Crim. P. 20. Accordingly, the

undersigned reset the arraignment date to January 20, 2017, to allow the parties time to explore transferring the case. (ECF No. 10, 11) On January 19, 2017, Defendant's Chicago attorney submitted the following documents: (1) a "Notice of motion for change of venue;" (2) a "Motion for Continuance;" (3) an "Affidavit" of counsel; (4) a "Verified Motion for Admission Pro Hac Vice;" and (5) a "Motion to Transfer Venue Under Rule of Criminal Procedure 21(b)." (ECF No. 12) Counsel's motion for admission pro hac vice was not in compliance with our local rules and was denied without prejudice; no ruling was made on Defendant's motion to continue or motion to transfer venue. (ECF No. 13) As a result, the undersigned did not vacate the arraignment set for January 20, 2017.

On January 20, 2017, Defendant appeared in person, but his retained attorney did not. An Assistant Federal Public Defender appeared on Defendant's behalf. Defendant requested time to retain counsel and the matter was continued until January 27, 2017. (ECF No. 14, 15)

On January 23, 2017, retained counsel filed a new motion for leave to appear pro hac vice, which was granted. (ECF Nos. 16, 17) On January 27, 2017, Defendant and retained counsel appeared for Defendant's arraignment. (ECF No. 18) Defendant expressed a desire to transfer this matter to the Northern District of Illinois pursuant to Fed. R. Crim. P. 21(b), and filed a written motion in support thereof. (ECF No. 20, Defendant's Motion to Transfer) The undersigned

advised that, when Defendant first appeared in this District, it had been represented that Defendant wished to transfer the matter pursuant to Rule 20, not Rule 21. The government indicated that it would oppose a Rule 21 transfer. Accordingly, the undersigned allowed the government until February 3, 2017, to file a written response in opposition to Defendant's Motion to Transfer. Upon defense counsel's request, Defendant was given until February 10, 2017, to file a reply to the government's response. In the Order Concerning Pretrial Motions, filed January 27, 2017, the undersigned specifically advised the parties that –

> <u>If either party desires an evidentiary hearing or oral argument regarding defendant's Motion to Transfer Venue, such party must file a notice no later than **February 10, 2017**, and such notice must identify any anticipated evidence or testimony and/or issues that require further attention</u>.

(ECF No. 21, emphasis in original)

On February 3, 2017, the government filed a detailed response in opposition to Defendant's Motion to Transfer. (ECF No. 23) Defendant did not a reply. Neither party filed the required notice or request for an evidentiary hearing or oral argument concerning Defendant's Motion to Transfer. Accordingly, Defendant's Motion to Transfer is now ripe for a decision.

## II. <u>Legal Framework – Motion to Transfer</u>

Rule 21, Federal Rules of Criminal Procedure, addresses transferring criminal matters between districts for purposes of trial.[1] Rule 21(b), which is at issue here, concerns transfers for convenience (as opposed to transfers due to, for example, prejudice). Rule 21(b) reads as follows:

> Upon the defendant's motion, the court may transfer the proceeding, or one or more counts against the defendant to another district for the convenience of the parties, any victim and witnesses, and in the interests of justice.

The decision whether to grant or deny a Rule 21(b) motion rests with the sound discretion of the district court. See United States v. Green, 983 F.2d 100, (8th Cir. 1992); United States v. Lopez, 343 F. Supp.2d 824, 835 (E.D. Mo. 2004) (citing Green). It is a defendant's burden of showing that the matter should be transferred. See United States v. Kanner, 2008 WL 2663414 at *5 (N.D. Iowa June 27, 2008) (citing cases).

In considering Rule 21(b) motions, many courts, including the Eighth Circuit, apply the ten factors found in Platt v. Minnesota Mining Co., 376 U.S. 240 (1964) ("Platt factors"). See United States v. McGregor, 503 F.2d 1167, 1170 (8th Cir. 1974); Lopez, 343 F. Supp.2d at 835. The ten Platt factors are: (1) the location of the defendant; (2) the location of the witnesses; (3) the location of the events in issue; (4) the location of the documents and records likely to be used at

---

[1] In contrast, Fed. R. Crim. P. 20 concerns transfers for plea or sentencing purposes.

trial; (5) any disruption of a defendant's business; (6) the expense to the parties; (7) the location of counsel; (8) the accessibility of the place of trial; (9) the docket condition of the respective districts; (10) any other considerations that might affect transfer. See Lopez, 343 F. Supp.2d at 835 (enumerating Platt factors); see also Kanner, 2008 WL 2663414 at *6-8. The Court must balance these factors and assess which factors are of most importance in the case; no single factor is dispositive. See Kanner, 2008 WL 2663414 at *5 (citing United States v. Maldonado-Rivera, 922 F.2d 934, 966 (2d Cir. 1990)); United States v. Valenciano, 2006 WL 4046179 at *4 (N.D. Iowa 2006) (same).

### III. Parties' Positions and Discussion

Defendant cites no case law in support of his Motion to Transfer and does not specifically address the Platt factors. Defendant contends that he never performed any act in the Eastern District of Missouri. Defendant notes that he is not a wealthy man, with an adjusted gross income of $65,000. Defendant contends he will not have a full opportunity to present his defense if he is required to try his case in the Eastern District of Missouri. Defendant represents that "he can and will produce a host of prominent and well-known character witnesses who will not be available to him in the Eastern District of Missouri and for whom the Defendant cannot pay the cost of transportation and subsistence in and to the Eastern District of Missouri." (ECF No. 20 at ¶ 3) Defendant suggests that there may also be fact

witnesses located in the Northern District of Illinois. Finally, Defendant represents that, requiring him to defend this case in the Eastern District of Illinois would gravely impair his ability to provide for his family.

The government's response in opposition to Defendant's Motion to Transfer addresses the most pertinent Platt factors. Regarding expenses, the government has offered to assist with the costs of transportation of any of Defendant's proffered witnesses, and would make arrangements such that those witnesses could travel to St. Louis and return to Chicago in one day. According to the government, the lay witnesses to the facts of the alleged scheme are the owners and employees of UDP, and they are located in this District, as are the investigators who investigated the matter. Similarly, according to the government, the business records supporting the prosecution's case are also located in this District. Finally, the government represents that, upon consulting with the United States Attorney's Office for the Northern District of Illinois, the docket in that District includes "hundreds more criminal cases" than in the Eastern District of Missouri.

Applying the Platt factors, the undersigned concludes that Defendant has not met his burden of proof. Although Defendant has offered a few generalized claims of hardship, he has not articulated any specific facts, circumstances, or identified witnesses that are unique to his situation and which would, in fact, lead one to reasonably conclude that the Northern District of Illinois reflects a better and

more convenient forum for resolving this matter. Given the government's representation that it would take financial and scheduling measures to ameliorate Defendant's concerns, there is no reason to disregard the government's choice of forum and transfer this matter to the Northern District of Illinois. See Valenciano, 2006 WL 4046179 at *4 ("The government's choice of form is generally to be respected.") (citing United States v. McManus, 535 F.2d 460, 463 (8th Cir. 1976)). For completeness, the undersigned will briefly summarize each of the Platt factors, as applied to the facts and circumstances that are currently available to the Court.

1. Location of Defendant – There is no dispute that Defendant lives in the Northern District of Chicago. This factor weighs in Defendant's favor, but no more so than case that involves allegations of multi-district district criminal acts.

2. Location of Witnesses – The government has the burden of proof in this matter and represents that the victim, the victim's witnesses, and the investigators are all located in this District. Defendant has proffered the existence of character witnesses who reside in the Northern District of Illinois. The government has, however, represented that it would assist Defendant in securing these character witnesses for trial. Thus, any hardship is greatly diminished. Even if the government had not offered to assist Defendant with his proffered witnesses, the undersigned believes this factor weighs against transferring this criminal matter for trial.

3. <u>Location of Events</u> – Defendant contends that his alleged conduct was all in the Northern District of Illinois. The Indictment, however, suggests that the events occurred in both relevant districts. Thus, this factor does not weigh meaningfully in favor of transfer. Moreover, as will be discussed relative to the next factor, the records at issue apparently are in this District.

4. <u>Location of Documents</u> – The records supporting the government's case are reportedly located with the victim, which is in this District. As the Indictment alleges a mail fraud scheme, it seems reasonable that such documents will likely be a key aspect of any trial. This factor weighs against transfer.

5. <u>Disruption of Business</u> – Defendant has not alleged that he operates or owns a business which would be disrupted if he had to try the case in St. Louis. Defendant does contend that having to travel to St. Louis would impair his ability to provide for his family. Again, the government has made concessions that would reduce any risk of such impairment. Thus, this factor weighs against transfer.

6. <u>Expense to the Parties</u> – Expense appears to be Defendant's greatest concern. The government's concessions will reduce if not eliminate this concern. Accordingly, this factor weighs against transfer.

7. <u>Location of Counsel</u> – Defendant's retained counsel is in the Northern District of Illinois. In his Motion for Transfer, Defendant does not suggest that his

attorney cannot adequately travel to and try this matter in St. Louis. The government's attorney, on the other hand, is located in this District. Thus, regardless of location, one attorney will be inconvenienced. Nonetheless, the undersigned will weigh this factor in favor of Defendant.

8. <u>Accessibility of the Place of Trial</u> – Although neither party has raised accessibility concerns, there is no reason to conclude that Chicago is any more accessible than St. Louis. Both places are within reasonable driving distances of each other, both are served by major airports and air service, both venues have reasonable mass transportation systems and other services available.

9. <u>Docket Condition</u> – "Because of the provisions of the Speedy Trial Act, 18 U.S.C. § 3161, et seq., this factor is of little import in determining whether to transfer this case." <u>Lopez</u>, 343 F. Supp.2d at 837 (citing <u>United States v. Haley</u>, 504 F. Supp. 1124 (E.D. Pa. 1981). In any event, the government has represented that the criminal docket in the Northern District of Illinois has a much larger caseload than this District.

10 <u>Special Considerations</u> – All of Defendant's concerns and considerations regarding venue are adequately addressed with respect to the first nine <u>Platt</u> factors. No other special considerations have been brought to the Court's attention.

Having considered each of the Platt factors, the undersigned is left with a firm conclusion that Defendant's Motion to Transfer should be denied. In reaching this conclusion, the undersigned has credited the facts and representations found in the parties' respective pleadings.

## IV. Conclusion

For the reasons stated herein, Defendant has not met his burden of showing that this matter should be transferred for trial to the Northern District of Illinois. Based on the facts and circumstances available, most of the relevant Platt factors weigh against such transfer.

In accordance with the Memorandum above,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Transfer Venue Under Federal Rule of Criminal Procedure 21(b) (ECF No. 20) be **DENIED**.

The parties are advised that they have fourteen (14) days in which to file written objections to this Memorandum, Report and Recommendation, unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

The trial of this matter will be set by the Honorable Rodney W. Sippel, Chief United States District Judge, at the conclusion of pretrial proceedings before the undersigned.  **All other deadlines in the Order Concerning Pretrial Motions (ECF No. 21) remain in effect**.

                                                      /s/ *John M. Bodenhausen*
                                                      JOHN M. BODENHAUSEN
                                                      United States Magistrate Judge

Dated this   15th   day of   February  , 2017.